# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAURIE A. KAEHLER<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 12cv221-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 17 and 19. Attorney David L. Lybbert represents plaintiff (Kaehler). Special Assistant United States Attorney Jeffrey R. McClain represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's motion for summary judgment, ECF No. 19.

## JURISDICTION

Kaehler protectively applied for supplemental security income (SSI) benefits and disability insurance benefits (DIB) on February 26, 2008, alleging disability

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 1

1 beginning June 1, 2005 (Tr. 189-96, 197-206). The claims were denied initially and

2 on reconsideration (Tr. 62-65, 67-69, 70-73).

3       Administrative Law Judge (ALJ) George W. Reyes held a hearing December

4 13, 2010. Kaehler and a vocational expert testified (Tr. 37-57). On January 14, 2011,

5 the ALJ issued an unfavorable decision (Tr. 17-28). The Appeals Council denied

6 review April 7, 2012 (Tr. 1-4), making the ALJ's decision final. Kaehler appealed

7 pursuant to 42 U.S.C. §§ 405(g), 1382 on April 26, 2012. ECF No. 1, 5.

8                           **STATEMENT OF FACTS**

9       The facts have been presented in the administrative hearing transcript, the

10 ALJ's decision and the parties' briefs. They are only briefly summarized here and

11 throughout this order as necessary to explain the Court's decision.

12       Kaehler was 45 years old at onset and 50 at the hearing. She graduated from

13 high school (Tr. 48, 50, 570).  She alleges physical and mental limitations    (Tr.

14 237).

15                      **SEQUENTIAL EVALUATION PROCESS**

16       The Social Security Act (the Act) defines disability as the "inability to engage

17 in any substantial gainful activity by reason of any medically determinable physical

18 or mental impairment which can be expected to result in death or which has lasted or

19 can be expected to last for a continuous period of not less than twelve months." 42

20 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 2

be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 3

not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 4

decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 5

Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Reyes found Kaehler met the insured status requirements of the Act and her last insured date was September 30, 2009. At step one the ALJ found Kaehler engaged in SGA after onset, until June 2007 (Tr. 19, 216-17). At steps two and three, he found she suffers from fibromyalgia, seizure disorder, general osteoarthritis, sacral radiculopathy, bilateral lower extremity radiculopathy with bilateral L3, L4 and L5 facet syndrome, major depressive disorder, bipolar disorder and anxiety, impairments that are severe but do not meet or medically equal a Listed impairment (Tr. 19-20).

The ALJ found Kaehler is able to perform a range of light work (Tr. 22). At step four, relying on the VE, he found Kaehler is able to perform her past relevant work as a housekeeper. Alternatively, at step five, the ALJ relied on the VE's

testimony and found, even with an RFC for a range of sedentary work, Kaehler could perform other jobs, such as order clerk and receptionist/information clerk. Accordingly, the ALJ found Kaehler is not disabled as defined by the Act (Tr. 26-28, 50-52).

**ISSUES**

Kaehler alleges the ALJ should have found her credible and more limited than he did. She alleges the ALJ failed to properly weigh the medical and lay testimony and failed to further develop the record. The Commissioner responds that the ALJ's findings are factually supported and free of harmful legal error. She asks us to affirm.

**DISCUSSION**

*A. Credibility*

Kaehler alleges the ALJ's credibility assessment is flawed. ECF No. 18 at 12-15. The Commissioner answers that the ALJ's determination was supported by clear and convincing reasons and should be affirmed. ECF No. 20 at 5-8.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 7

rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Kaehler appears to assign error to two of the ALJ's reasons: lack of supporting objective medical evidence and failure to follow prescribed treatment. ECF No. 18 at 6-7, 13-15.

The ALJ found Kaehler less than credible because there is a lack of supporting objective evidence. Although lack of medical evidence cannot form the sole basis for discounting allegations, it is a factor the ALJ can consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Here, Kaehler's EEG and two brain MRIs showed no significant abnormality, despite reportedly frequent seizures, and she reported being taken off of anti-seizure medication by a neurologist in Flagstaff after an MRI showed no seizure activity (Tr. 20, 647, 652-53, 899).

Kaehler failed to comply with medical treatment, including taking medication as prescribed, without adequate explanation. The ALJ notes Kaehler reported experiencing 20-30 seizures a day, yet "refuses seizure medication." (Tr. 20, 24, 547, 647, 711). She discontinued psychotropic medication even though she admitted

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 8

it was helping her (Tr. 24, 515, 926, 970, 972, 978, 997). Allegedly extreme physical limitations are contradicted by normal findings on examination, including 5/5 muscle strength in all limbs and normal muscle tone and bulk (Tr. 23, 550, 710). Activities such as climbing, exercising three times a week, shopping, living independently, traveling to the east coast, propping up a wooden fence, driving, doing light yard work, caring for two dogs, housekeeping and attending church are wholly inconsistent with allegedly spending much of the day sitting or lying down (Tr. 23-24, 254-55, 258, 269, 271, 358, 572, 568, 754). And Kaehler has made inconsistent statements, such as when she told an examiner she does not drive based on her neurologist's recommendation, but drove herself to the appointment. In April 2009 a neighbor also reported Kaehler drives (Tr. 23, 254, 270, 568, 572).

The ALJ's reasons are clear, convincing and supported by substantial evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistent statements, inconsistencies between statements and conduct and extent of daily activities are properly considered); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)(unexplained or inadequately explained failure to follow medical treatment properly considered) .

The reasons Kaehler offers for re-weighing credibility are not persuasive. The ALJ did not err when he assessed credibility. Even when evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 9

our judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

*B. Evidence of mental limitation*

Kaehler alleges the ALJ's residual functional capacity assessment should have included moderate limitations assessed by Gary Reyes, Ph.D., in his 2008 evaluation and adopted by reviewing agency psychologist Mary Downs, Ph.D. ECF No. 18 at 6-7, referring to Tr. 578, 579-81 [Dr. Reyes' report is duplicated at Tr. 110-120 and Dr. Downs' at 121- 24.] The Commissioner responds, correctly, that Dr. Downs was the only psychologist who translated checkbox moderate limitations into a narrative assessment that contained specific functional limitations. ECF No. 20 at 9-11, referring to Tr. 581.

Dr. Downs translated several assessed moderate limitations into the following specific functional limitations: "able to carry out simple instructions, perform within a schedule, sustain a routine, work with others, and make simple work related decision[s]; able to meet the basic mental demands of competitive, renumerative unskilled [work] on a sustained basis" (Tr. 26, 581). This is consistent with Kaehler's ability to run a cleaning business from 2002 until June 2007, even though onset is alleged as of June 1, 2005  (Tr. 19), and with Dr. Reyes' opinion there is no limitation in social interaction, understanding and memory. He assessed the ability to maintain concentration and persistence as moderately limited (Tr. 24-25, 570,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 10

572-76, 578 ). Kaehler does not detail what other mental limitations follow from assessed moderate limitations. This court rejects any invitation to find that the ALJ failed to account for Kaehler's limitations in some unspecified way. *See Valentine v. Comm'r of Soc. Sec. Admin.,* 574 F.3d 685, 692, n.2 (9th Cir. 2009).

The assessed RFC and corresponding hypothetical mentally limit the worker to "tasks that are not performed in a fast paced production environment." The worker is able to attend and concentrate for two hours during the work day with regular 10-15 minute breaks and a lunch break (Tr. 22, 49-50). The ALJ translated Kaehler's mental limitations into the only concrete restrictions available to him: Dr. Downs' recommended restriction to simple instructions and tasks (Tr. 26, 579-81). This was appropriate. *See e.g., Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (an ALJ's assessment of a claimant adequately captures restrictions relating to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony)(internal citations omitted).
It is also consistent with examining Dr. Linner's opinion Kaehler is able to follow simple instructions (Tr. 548) and generally consistent with treatment provider GAF assessments of 65 in October 2007 and August 2008 (Tr. 522, 553), indicating only mild symptoms or functional difficulties. Moreover, as the Commissioner points out, because the ALJ ultimately found Kaehler is capable of performing her past unskilled work as a housekeeper, error if any is clearly harmless. *Molina v. Astrue*,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 11

674 F.3d 1104, 1115 (9th Cir. 2012)(errors are harmless when they are "inconsequential to the ultimate nondisability determination").

The statement in Kaehler's opening brief that Dr. Reyes' August 2008 evaluation showed "severe problems with memory and IQ of 84-86," ECF No. 18 at 5, is misleading at best. Dr. Reyes stated Kaehler's IQ test results are in the low average range (Tr. 573) and she has *no* limitations in understanding and memory (Tr. 578). The ALJ properly weighed the evidence of psychological limitations.

*C. Dr. Brady*

Kaehler alleges the ALJ should have credited treating doctor Craig Brady, D. O.'s opinion that she is unable to work. ECF No. 18 at 7, citing Tr. 702 (undated) and 866-69 (April 2010) . The Commissioner answers that the ALJ's reasons for rejecting Dr. Brady's contradicted opinion are specific and legitimate. ECF No. 20 at 12-14.

The ALJ rejected Dr. Brady's contradicted 2010 opinion that Kaehler is only able to, for example, stand less than two hours and frequent lifting is limited to less than ten pounds, because it is inconsistent with his own treatment records. *See e.g.,* Tr. 812-13; 816-21; 826-28; 830; 832, 1009-1012 (well-nourished and well developed in no acute distress).  In addition, the ALJ observes the opinion explicitly indicates much of it is based on Kaehler's subjective complaints (Tr. 25, 866-69). Dr. Brady indicates "patient states," a number of times, including "patient states that

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 12

she can't sit for even 1 hour due to right lower back pain" (Tr. 867). The ALJ was not required to credit an opinion based on properly rejected unreliable self-reports. Finally, the ALJ notes the RFC is contradicted by Kaehler's admitted activities and by normal examination results recorded by other treating and examining doctors (Tr. 25-26, 550, 643, 645, 647, 650, 710, 754, 817-18). The ALJ's reasons are specific, legitimate and supported by the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 126 (9th Cir. 2005)(an ALJ may reject any opinion that brief, conclusory and inadequately supported by clinical findings); *Andrews v. Shalala,* 53 F.3d 1035, 1043 (9th Cir. 1995)(opinions based on unreliable self-reports may be discounted).

*D. Lay testimony*

Kaehler alleges the ALJ inadequately explained "why he chose to ignore statements of the plaintiff's restrictions as provided by treating sources and family members" ECF No. 18 at 7, referring to Tr. 262. The referenced lay witness is a friend of Kaehler's, Clayton Howard. The Commissioner admits the ALJ erred when he failed to discuss this evidence, but asserts the error is harmless. ECF No. 20 at 14. Citing *Molina v. Astrue,* 674 F.3d 1101 (9th Cir. 2012), the Commissioner notes the ALJ's error in failing to discuss lay witness testimony should be held harmless where "the same evidence the that the ALJ referred to in discrediting the claimant's claims also discredits the lay witness's claims." *Molina*, 674 F.3d at 1121-22.

Here, Mr. Howard's April 2008 letter refers to Kaehler's memory problems

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 13

(Tr. 262). As the ALJ observed, objective testing in September 2008 revealed normal memory functioning (Tr. 578). Because the same evidence discredits Mr. Howard's claims, the ALJ's error is harmless.

*E. Duty to develop the record*

Kaehler alleges the ALJ failed adequately develop the record. ECF No. 18 at 9, 13. The Commissioner answers that the duty to develop the record is triggered only when the evidence is ambiguous or insufficient to properly evaluate disability. ECF No. 20 at 14-15, citing *Mayes v. Massanari*, 276 F.3d 453, 459-60 99th Cir. 2001). The Commissioner is correct. The agency ordered both physical and psychological consultative examinations (Tr. 547-51, 568-78). The record was sufficient to evaluate Kaehler's claim and the record was not ambiguous.

*F. Steps four and five*

Kaehler alleges the RFC and hypothetical fail to completely and accurately include physical and mental limitations. ECF No. 18 at 15-16. This unhelpfully restates the allegation that the ALJ failed to properly weigh the evidence. As noted, the record fully supports the assessed RFC. Although Kaehler alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence

supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

The ALJ's determinations are supported by the record and free of harmful legal error.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 19**, is **granted.**

Plaintiff's motion for summary judgment, ECF No. 17, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 19th day of August, 2013.

*S/ James P. Hutton*

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 15